**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alton Jamaul Crosby, Appellant.

Appellate Case No. 2017-000282

———————

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-035
Submitted November 1, 2018 – Filed January 23, 2019

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Santiago*, 370 S.C. 153, 159, 634 S.E.2d 23, 26 (Ct. App. 2006) ("An appellate court will not reverse the [circuit court's] decision regarding jury charges absent an abuse of discretion."); *id.* ("A self-defense charge is not required unless the evidence supports it."); *State v. Douglas*, 411 S.C. 307, 318, 768 S.E.2d 232, 238–39 (Ct. App. 2014) (listing the elements of self-defense as: (1) the defendant must have been without fault in bringing on the difficulty; (2) the defendant must have (a) been in imminent danger of losing his life or sustaining serious bodily injury or (b) believed he was in such imminent danger; (3) if his defense is based on his belief of imminent danger, "a reasonably prudent man of ordinary firmness and courage would have entertained the same belief." If he actually was in imminent danger, the circumstances would have warranted "a man of ordinary prudence, firmness and courage" to act as he did; and (4) he had "no other probable means of avoiding the danger" than to act as he did); *State v. Bryant*, 336 S.C. 340, 346, 520 S.E.2d 319, 322 (1999) (stating the appellant easily could have avoided the conflict by leaving the open parking lot where the situation arose); *State v. Inman*, 395 S.C. 539, 565, 720 S.E.2d 31, 45 (2011) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *id.* (concluding that the circuit court correctly denied the defendant's motion for a mistrial because he did not show prejudice).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.